IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| CAROL LLOYD,<br><br>    Plaintiff,<br><br>v.<br><br>PLUESE, BECKER, & SALTZMAN, LLC,<br><br>    Defendant. | Civil No. 18-9420 (RMB/AMD)<br><br>**OPINION** |

APPEARANCES:

CAROL LLOYD, *pro se*
60 Coachlight Drive
Sicklerville, New Jersey 08081

PLUESE, BECKER, & SALTZMAN, LLC
By: Stuart H. West, Esq.
20000 Horizon Way, Suite 900
Mount Laurel, New Jersey 08054
    *Attorneys for Defendant*

**BUMB**, UNITED STATES DISTRICT JUDGE:

    *Pro se* Plaintiff, Carol Lloyd, brings this suit alleging that the law firm which represents her mortgage lender in the underlying state foreclosure action, Defendant Pluese, Becker, Saltzman, LLC ("PBS"), violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), by filing a motion with the court in the foreclosure action. Before the

1

Court is PBS's "Motion to Dismiss Amended Frivolous Action pursuant to Fed. R. Civ. P. 11, 12(b)(6), 12(d) and 56." [Docket No. 8-2] For the reasons stated herein, the motion will be denied in part and denied without prejudice in part.

I. **FACTUAL BACKGROUND**

The Amended Complaint alleges the following. Lloyd purchased the property at issue in 1996 and has lived there ever since. (Amend. Compl. ¶ 6) Lloyd's mortgage lender, New Jersey Housing and Mortgage Finance Agency ("HMFA") contends that Lloyd has been in default on her mortgage for over nine years. (Id. ¶¶ 16, 24) "[A]round July 2013," HMFA allegedly "gave the case to [PBS] to litigate"--i.e., "to file [a] foreclosure complaint." (Id. ¶¶ 25, 36) Lloyd alleges HMFA did this even though it knew that it had not complied with 24 C.F.R. § 203.604(b), which requires a face-to-face meeting between the lender and the borrower prior to bringing a foreclosure action.[1] (Id. ¶¶ 25-26)

---

[1] As alleged in the Amended Complaint, and evidenced by the mortgage documents attached as exhibits to the Amended Complaint, the loan at issue is an FHA loan which incorporates the pertinent regulations promulgated by the Secretary of Housing and Urban Development, including 24 C.F.R. § 203.604. Section 203.604(b) provides, "[t]he mortgagee must have a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid. If default occurs in a repayment plan arranged other than during a personal interview, the mortgagee must have a face-to-face meeting with

2

The Amended Complaint explains, "[a]fter a period of time and numerous pleadings, [PBS] failed to take any action in the case for one year, at which point the court twice dismissed the state foreclosure action for lack of prosecution. [The case] currently stands dismissed." (Amend. Compl. ¶ 37)[2] On May 19, 2017, after the case was dismissed for the first time, PBS, on behalf of HMFA, filed a "Motion to Reinstate the Foreclosure." (Amend. Compl. Ex. E) Lloyd bases her various FDCPA claims on the filing of this motion. (Id. ¶ 61) ("Plaintiff states the Counts below [are] based on Plaintiff's receipt of litigation papers dated and filed with the state court on May 19, 2017[.]") (See also Id. ¶¶ 1, 2, 69-71, 74, 76) Specifically, Lloyd alleges that "[a]t all times herein mentioned, [PBS] was a 'debt collector' as defined in 15 U.S.C. § 1692a(6)" (Id. ¶ 10)[3], and

---

the mortgagor, or make a reasonable attempt to arrange such a meeting within 30 days after such default and at least 30 days before foreclosure is commenced, or at least 30 days before assignment is requested if the mortgage is insured on Hawaiian home land pursuant to section 247 or Indian land pursuant to section 248 or if assignment is requested under § 203.350(d) for mortgages authorized by section 203(q) of the National Housing Act."

[2] PBS confirms that "final judgment has not yet been sought in the administratively dismissed foreclosure [case]." (Reply Brief, p. 5) (See also, West Certification Ex. O-- May 11, 2018 Chancery Court Order stating, "the above-captioned matter has been dismissed without prejudice for lack of prosecution.").

[3] The Amended Complaint and all papers in connection with the instant motion were filed before the Supreme Court issued its ruling in Obduskey v. McCarthy & Holthus, LLP, 139 S.Ct.

3

that PBS's filing of the Motion to Reinstate the Foreclosure violated the following sections of Title 15:

- § 1692d (prohibiting harassing, oppressive, or abusive conduct by debt collectors);

- § 1692e(2), (5) and (10) (prohibiting debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of any debt, including falsely representing the legal status of a debt, threatening to take any action that cannot legally be taken or that is not intended to be taken, and using any false representation or deceptive means to collect or attempt to collect any debt);

- § 1692f and (1) (prohibiting debt collectors from using unfair or unconscionable means to collect or attempt to collect any debt, including collecting any amount not authorized by the agreement creating the debt); and

- § 1692f(6) (prohibiting debt collectors from taking or threatening to take any nonjudicial action to effect dispossession or disablement of property).

## II. LEGAL STANDARDS

**A.**

---

1029 (March 20, 2019), which held that, under the factual circumstances of that case, the defendant law firm was not a "debt collector" within the meaning of 15 U.S.C. § 1692a(6). As PBS has not yet raised the issue, the Court does not opine on the effect-- if any-- this recent decision has on Lloyd's claims. The Court notes that no dispositive motion deadline has been set, and that nothing in the Federal Rules of Civil Procedure would preclude PBS from filing, in the future, a motion pursuant to Fed. R. Civ. P. 12(c) or 56.

Rule 12(b)(1) motions may challenge subject-matter jurisdiction based upon the complaint's face or its underlying facts.  Pittman v. Metuchen Police Dept., No. 08-2373, 2009 WL 3207854, *1 (D.N.J. Sept. 29, 2009) (citing James Wm. Moore, 2 Moore's Federal Practice § 12.30[4] (3d ed. 2007)).  "A facial attack questions the sufficiency of the pleading, and in reviewing a facial attack, a trial court accepts the allegations in the complaint as true."  Id.

**B.**

To withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 662.  "[A]n unadorned, the defendant-unlawfully-harmed-me accusation" does not suffice to survive a motion to dismiss.  Id. at 678.  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will

not do." Twombly, 550 U.S. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

In reviewing a plaintiff's allegations, the district court "must accept as true all well-pled factual allegations as well as all reasonable inferences that can be drawn from them, and construe those allegations in the light most favorable to the plaintiff." Bistrian v. Levi, 696 F.3d 352, 358 n.1 (3d Cir. 2012). Only the allegations in the complaint, and "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case" are taken into consideration. Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citing Chester Cnty. Intermediate Unit v. Penn. Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990)).

### c.

Summary judgment shall be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" only if it might impact the "outcome of the suit under the governing law." Gonzalez v. Sec'y of Dept of Homeland Sec., 678 F.3d 254, 261 (3d Cir. 2012). A dispute is "genuine" if the evidence would allow a reasonable jury to find for the nonmoving party. Id.

In determining the existence of a genuine dispute of material fact, a court's role is not to weigh the evidence; all reasonable inferences and doubts should be resolved in favor of the nonmoving party. Melrose, Inc. v. City of Pittsburgh, 613 F.3d 380, 387 (3d Cir. 2010).

### III. ANALYSIS

PBS asserts several arguments in support of the instant motion: first, that Lloyd's claims are barred by the Rooker-Feldman doctrine; second, that the claims are barred by the entire controversy doctrine; third, that the claims are barred by principles of res judicata and issue preclusion; and fourth, that Lloyd's conduct in filing this allegedly frivolous lawsuit warrants dismissal of this case pursuant to Fed. R. Civ. P. 11.[4] The Court addresses each argument in turn.

---

[4] Puzzlingly, PBS has not asserted any arguments directly attacking the elements of Lloyd's FDCPA claims. For example, § 1692f(6), by its very terms, appears to apply in situations involving only "nonjudicial" foreclosures, yet Lloyd's claims are based on PBS filing a motion in a judicial foreclosure. PBS, however, makes no argument in this regard, and so the Court does not reach the issue at this time. As noted above, there is no apparent procedural bar to PBS filing another appropriate motion should it wish to do so. While the Court generally prefers to avoid the docket congestion created by serial motion practice, in rare circumstances, an additional motion may lead to a more efficient disposition of a suit by substantially narrowing the issues or claims in a case. This case appears to be one of those rare situations where an additional motion may be appropriate.

### A. Rooker-Feldman[5]

The Rooker-Feldman doctrine does not apply prior to entry of final judgment in the state court foreclosure litigation. Shibles v. Bank of Am., N.A., 730 F. App'x 103, 105 (3d Cir. 2018). It is undisputed that no final judgment of foreclosure has been entered in HMFA's foreclosure suit against Lloyd. Accordingly, PBS's Rooker-Feldman argument fails.

### B. Entire Controversy Doctrine[6]

In Shibles, the Court of Appeals for the Third Circuit recently explained:

> New Jersey's entire controversy doctrine embodies the principle that the adjudication of a legal controversy should occur in one litigation in only one court; accordingly, all parties involved in a litigation should at the very least present in that proceeding all of their claims and defenses that are related to the underlying controversy. We have characterized the doctrine as New Jersey's specific, and idiosyncratic, application of traditional res judicata principles. The doctrine applies in federal courts when there was a previous state-court action involving the same transaction.
> There is no doubt that the entire controversy doctrine applies to foreclosure proceedings, but only to claims that could have been filed in the foreclosure action, that is, only to claims that were germane to the foreclosure proceeding. The New Jersey Superior Court, Appellate Division recently re-affirmed that basic tenant of state law, explaining that a defendant in a foreclosure case may not fail to diligently pursue a

---

[5] See Section II. A. for the legal standard applicable to this issue.

[6] See Section II. B. for the legal standard applicable to this issue.

8

> germane defense and then pursue a civil case against the lender alleging fraud by foreclosure.

730 F. App'x at 106-07 (internal citations and quotations omitted).

Lloyd's FDCPA claims against PBS-- i.e., claims premised on actions taken by a non-party to the foreclosure case after the foreclosure case was filed-- are not germane to the foreclosure proceeding, as they do not involve the same transaction. Thus, this case is distinguishable from cases that have held FDCPA claims against a mortgage lender or servicer are germane to the underlying foreclosure action. See, e.g., Lee v. Ocwen Loan Servicing, LLC, 2018 WL 935426, at *3 (D.N.J. Feb. 15, 2018) ("The use of the word 'germane' in the language of the [entire controversy] rule undoubtedly was intended to limit counterclaims in foreclosure actions to claims arising out of the mortgage transaction which is the subject matter of the foreclosure action.").

Accordingly, PBS's entire controversy argument fails.

## C. Res Judicata / Issue Preclusion[7]

PBS argues that the issue of HMFA's admitted failure to conduct a face-to-face meeting "was litigated several times

---

[7] See Section II. C. for the legal standard applicable to this issue.

9

throughout the foreclosure proceedings and HMFA prevailed every time." (Moving Brief, p. 5) The evidence PBS submits in support of this argument is insufficient to support summary judgment on this issue at this time. The record contains only orders issued by the Chancery Court (see West Certification Exs G, J and O), only one of which-- Ex. G-- specifically references 24 C.F.R. § 203.604.[8] The record is devoid of any opinion or reasoning of the Chancery Court upon which a factfinder might find that the issue of HMFA's non-compliance with 24 C.F.R. § 203.604 was fully litigated and decided on the merits in the foreclosure case.[9]

---

[8] The order appears to be a proposed order that Lloyd submitted to the Chancery Court. It is stamped "denied" and signed by the Chancery Court Judge.

[9] See Bd. of Trustees of Trucking Employees of N. Jersey Welfare Fund, Inc. - Pension Fund v. Centra, 983 F.2d 495, 505 (3d Cir. 1992) ("Issue preclusion, formerly titled collateral estoppel, proscribes relitigation when the identical issue already has been fully litigated. Issue preclusion may be invoked when: (1) the identical issue was decided in a prior adjudication; (2) there was a final judgment on the merits; (3) the party against whom the bar is asserted was a party or in privity with a party to the prior adjudication; and (4) the party against whom the bar is asserted had a full and fair opportunity to litigate the issue in question."); In re Estate of Dawson, 136 N.J. 1, 20-21 (1994) ("For the doctrine of collateral estoppel to apply to foreclose the relitigation of an issue, the party asserting the bar must show that: (1) the issue to be precluded is identical to the issue decided in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the court in the prior proceeding issued a final judgment on the merits; (4) the determination of the issue was essential to the prior judgment; and (5) the party against whom

Accordingly, summary judgment on PBS's issue preclusion argument will be denied without prejudice.

D. **Rule 11**

PBS urges this Court "not [to] countenance" Lloyd's conduct in filing this allegedly frivolous lawsuit. (Moving Brief, p. 18-20) However, it does not appear that PBS has followed the mandatory safe-harbor procedure set forth in Rule 11(c)(2). See Metro. Life Ins. Co. v. Kalenevitch, 502 F. App'x 123, 124–25 (3d Cir. 2012) ("Kalenevitch did not present her sanctions motion separately from her motion for judgment on the pleadings, and she failed to serve the motion upon MetLife and wait twenty-one days before filing it. . . . [Thus,] Kalenevitch's sanctions request was plainly subject to denial due to non-compliance with Rule 11(c)(2)."). Moreover, the fact that PBS has not-- as of yet-- prevailed on any of its arguments in support of dismissal militates against a conclusion, at this stage of the litigation, that Lloyd's claims are frivolous. Accordingly, PBS' Rule 11 Motion will be denied without prejudice.[10]

---

the doctrine is asserted was a party to or in privity with a party to the earlier proceeding.").

[10] The Court also observes that "Rule 11 sanctions are generally disfavored unless the misconduct by the party and/or attorneys is extraordinary" under the circumstances of the particular case. Ampro Computers, Inc. v. LXE, LLC, No. CV 13-1937-LPS, 2016 WL 3703129, at *3 (D. Del. July 8, 2016). While Rule 11 sanctions may be imposed upon parties proceeding *pro se*,

**IV. CONCLUSION**

For the foregoing reasons, PBS' Motion will be denied in part and denied without prejudice in part as set forth above. An appropriate Order shall issue on this date.

Dated: May 9, 2019

s/ Renée Marie Bumb
RENÉE MARIE BUMB
UNITED STATES DISTRICT JUDGE

---

the fact that a particular party is not trained in law or court procedures is one relevant consideration that may weigh against the imposition of sanctions, see generally, Haim v. Neeman, 2014 WL 12617792 at *2 (D.N.J. June 11, 2014) ("the District Court has sufficient discretion to take account of the special circumstances that often arise in *pro se* situations")-- particularly the most extreme sanction of claim dismissal. However, *pro se* parties do not have a "free pass to conduct litigation outside of the bounds imposed on represented litigants in federal court," Skoorka v. Kean Univ., 2017 WL 6539449 at *3 (D.N.J. Dec. 21, 2017), and this Court will not hesitate to *sua sponte* impose any and all appropriate and proportional sanctions if circumstances so warrant.