IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF NEW
JERSEY

| | |
|---|---|
| CAROL LLOYD,<br><br>        Plaintiff,<br><br>  v.<br><br>PLUESE, BECKER & SALTZMAN, LLC,<br><br>        Defendant. | HONORABLE RENÉE MARIE BUMB<br><br>Civil Action No. 18-9420<br><br>**MEMORANDUM OPINION AND ORDER** |

This matter comes before the Court upon [25] *pro se* Plaintiff Carol Lloyd's "Motion to Strike" from the Court's docket two exhibits attached to Defendants' previous Motion to Dismiss. The exhibits are PACER reports showing the docket activity in Plaintiff's two previous Chapter 13 bankruptcy cases. Plaintiff asks this Court to "remove from the record" these reports, asserting that they "are not pertinent to anything in th[is] case," which asserts violations of the Fair Debt Collection Practices Act arising out of Defendant's litigation activities in connection with a state court action to foreclose on Plaintiff's home. Plaintiff states that the reports "appear[] to have been thrown in merely for affect

[sic]."

In response, Defendant "take[s] no position as to the striking of the reports." However, Defendants observe that the reports are public records.

The relief Plaintiff seeks is removal of the reports from this Court's docket, therefore the Court construes the motion as a Motion to Seal pursuant to Local Civil Rule 5.3(c). Under that rule, a Motion to Seal must "describe with particularity: (a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest which warrant the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; (d) why a less restrictive alternative to the relief sought is not available; (e) any prior order sealing the same materials in the pending action; and (f) the identity of any party or nonparty known to be objecting to the sealing request."

Plaintiff's motion does not address all of the factors enumerated in Rule 5.3(c). Most notably, Plaintiff has not identified with "particularity" a "clearly defined and serious injury" that will result from allowing public access to information that is already publicly available from other sources; and Plaintiff has not addressed whether a less restrictive alternative to wholesale sealing of the reports-- for example, redaction of certain information contained in the

reports-- would alleviate Plaintiff's concerns.  Accordingly,

**IT IS** this **14th** day of **November, 2019** hereby:

**ORDERED** that [25] Motion to Strike is **DENIED WITHOUT PREJUDICE.**

                                        s/ Renée Marie Bumb
                                      _____
                                      RENÉE MARIE BUMB
                                      United States District Judge