[Docket No. 26, 31]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| CAROL LLOYD,<br><br>    Plaintiff,<br><br>    v.<br><br>PLUESE, BECKER, & SALTZMAN, LLC,<br><br>    Defendant. | Civil No. 18-9420 (RMB/AMD)<br><br>**OPINION** |

APPEARANCES:

CAROL LLOYD, *pro se*
60 Coachlight Drive
Sicklerville, New Jersey 08081

PLUESE, BECKER, & SALTZMAN, LLC
By: Stuart H. West, Esq.
20000 Horizon Way, Suite 900
Mount Laurel, New Jersey 08054
    *Attorneys for Defendant*

**BUMB**, UNITED STATES DISTRICT JUDGE:

    *Pro se* Plaintiff, Carol Lloyd, brings this suit alleging that the law firm which represents her mortgage lender in the underlying state foreclosure action, Defendant Pluese, Becker, Saltzman, LLC ("PBS"), violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), by filing a motion with the court in the foreclosure action. Before the Court is PBS's "Motion to Dismiss Amended Complaint pursuant to

1

Fed. R. Civ. P. 12(b)(6), 12(d) and 56." [Docket No. 26-4]  The instant motion is PBS's second attempt to secure dismissal of this suit prior to the commencement of discovery.  For the reasons stated herein, the motion will be granted in part, denied in part, and denied without prejudice in part.[1]

I.   **FACTUAL BACKGROUND**

The Court set forth the factual allegations of the operative pleading-- the First Amended Complaint [Docket No. 7]-- in its previous opinion of May 9, 2019 [Docket No. 23], see also, Lloyd v. Pluese, Becker, & Saltzman, LLC, No. CV 18-9420 (RMB/AMD), 2019 WL 2062438 at *1 (D.N.J. May 9, 2019).  The Court incorporates herein the "Factual Background" section of that opinion.  To summarize, Lloyd asserts that PBS, a law firm representing Lloyd's mortgage lender in a judicial foreclosure proceeding, violated various sections of the FDCPA when it filed a motion to reinstate the administratively dismissed foreclosure.  According to Lloyd, PBS knew that a condition precedent to foreclosure-- specifically, a face-to-face meeting pursuant to the applicable federal regulations incorporated into

---

[1] Also before the Court is Lloyd's "Motion to Strike" PBS's Motion [Docket No. 31], which the Court construes as both a Motion to Strike PBS's instant motion, and opposition to PBS's Motion.  Lloyd's Motion to Strike is addressed further at footnote 2.

2

the mortgage documents-- had not occurred, and therefore foreclosure was legally precluded.

## II. LEGAL STANDARDS

**A.**

To withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 662. "[A]n unadorned, the defendant-unlawfully-harmed-me accusation" does not suffice to survive a motion to dismiss. Id. at 678. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

In reviewing a plaintiff's allegations, the district court "must accept as true all well-pled factual allegations as well as all reasonable inferences that can be drawn from them, and construe those allegations in the light most favorable to the

plaintiff." Bistrian v. Levi, 696 F.3d 352, 358 n.1 (3d Cir. 2012). Only the allegations in the complaint, and "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case" are taken into consideration. Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citing Chester Cnty. Intermediate Unit v. Penn. Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990)).

**B.**

Summary judgment shall be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" only if it might impact the "outcome of the suit under the governing law." Gonzalez v. Sec'y of Dept of Homeland Sec., 678 F.3d 254, 261 (3d Cir. 2012). A dispute is "genuine" if the evidence would allow a reasonable jury to find for the nonmoving party. Id.

In determining the existence of a genuine dispute of material fact, a court's role is not to weigh the evidence; all reasonable inferences and doubts should be resolved in favor of the nonmoving party. Melrose, Inc. v. City of Pittsburgh, 613 F.3d 380, 387 (3d Cir. 2010).

4

**III. ANALYSIS**

PBS asserts: (A) it is not a "debt collector" as defined by the FDCPA; (B) the Amended Complaint fails to state a claim for violation of any section of the FDCPA; (C) the Court should abstain from adjudicating this suit; and (D) "Ms. Lloyd's conduct precludes her claims." The Court addresses each argument in turn.

**A.**

Relying on <u>Obduskey v. McCarthy & Holthus LLP</u>, 139 S.Ct. 1029 (March 20, 2019), PBS argues that it is not a "debt collector" as defined by the FDCPA. <u>Obduskey</u> held that a law firm that merely enforced a security interest by initiating a *nonjudicial* foreclosure on behalf of its client was not a "debt collector" under the FDCPA's primary definition of a debt collector found in § 1692a(6). PBS argues that <u>Obduskey</u> supports a conclusion that law firms enforcing a security interest on behalf of their clients in *judicial* foreclosures also are not "debt collectors" under the FDCPA's primary definition. According to PBS, the rationale of <u>Obduskey</u> should apply to judicial foreclosures which are "more protective" to homeowners than nonjudicial foreclosures. (Moving Brief, p. 11)[2]

---

[2] Lloyd argues that PBS's argument in this regard is made in bad faith and is sanctionable under Federal Rule of Civil Procedure 11. Lloyd's argument has no merit. While the Court does not agree with PBS's argument concerning <u>Obduskey</u>, the

5

PBS cites no cases extending Obduskey's reasoning to judicial foreclosures. Indeed, the few courts to have considered Obduskey in the eight months since it was decided have read the decision narrowly, and have specifically distinguished judicial foreclosures from nonjudicial foreclosures. See Berg v. McCalla Raymer Leibert Pierce, LLC, 2019 WL 5592720 at *2 n.2 (N.D. Ill. Oct. 30, 2019) (observing in dicta that Obduskey's "holding expressly did not affect cases involving judicial foreclosure proceedings as here."); Gold v. Shapiro, Dicaro & Barak, LLC, 2019 WL 4752093 at *6 (E.D.N.Y. Sept. 30, 2019) (distinguishing judicial and nonjudicial foreclosures and declining to extend Obduskey's holding to the judicial foreclosure context); Flowers v. Baltax 2017, LLC, 2019 WL 3501584 at *4 (D. Md. August 1, 2019) (in an FDCPA case

---

argument is nonetheless a quintessential "nonfrivolous argument for extending . . . existing law," Fed. R. Civ. P. 11(b)(2).

Relying on Fed. R. Civ. P. 12(g)(2), Lloyd also argues that this Court should decline to consider PBS's Obduskey argument, as well as all other arguments in the instant motion, because PBS failed to raise them in its first Motion to Dismiss. The first Motion to Dismiss was fully briefed prior to the Obduskey decision. Thus, PBS's Obduskey argument was not "available" to PBS, Fed. R. Civ. P. 12(g)(2), and therefore Rule 12(g)(2)'s limit on further motions does not apply. Additionally, the Court exercises its discretion to construe PBS's instant Rule 12(b)(6) motion as a Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c). See Fed. R. Civ. P. 12(g)(2) (excepting from the limit on further motions "a motion under Rule 12(c)," Fed. R. Civ. P. 12(h)(2)(B)). Accordingly, to the extent Lloyd's Motion to Strike asserts that this Court should dismiss PBS's instant motion altogether without considering the arguments made therein, the Motion to Strike will be denied.

6

premised on actions taken by a law firm in a judicial foreclosure, holding that "Obduskey does not mandate dismissal of Plaintiff's FDCPA claims.").[3]

The Court adopts the reasoning set forth in Gold and Flowers. Judicial foreclosures are meaningfully distinguishable from nonjudicial foreclosures in a manner that is inconsistent with extending Obduskey's reasoning to the judicial foreclosure context. Whether or not PBS is correct that judicial foreclosures are "more protective" of debtors, the critical distinction-- as Gold and Flowers held, and Obduskey itself suggested[4]-- is the availability of a deficiency judgment against

---

[3] See also, Gagnon v. Hal P. Gazaway and Assocs., LLC, 2019 WL 4539926 at *2 (D. Alaska Sept. 19, 2019) (explaining that Obduskey's holding did not support dismissal of FDCPA claim premised on a law firm's actions taken in connection with a nonjudicial foreclosure because the firm's alleged actions were not required by state law, in contrast to Obduskey); Cooke v. Carrington Mortgage Servs., 2019 WL 3241128 at *2 (D. Md. July 17, 2019) (explaining that Obduskey's holding did not support dismissal of FDCPA claim premised on a law firm's actions taken in connection with a nonjudicial foreclosure because the firm's alleged actions were not required by state law, in contrast to Obduskey); Sevela v. Kozeny & McCubbin, L.C., 2019 WL 2066924 at *5 (D. Neb. May 2, 2019) ("Unlike in Obduskey, neither party here has cited, and the Court has not found, any provision of Nebraska [nonjudicial foreclosure] law that required K&M to send the Letter [that is alleged to have violated the FDCPA].").

[4] Obduskey, 139 S. Ct. at 1039 ("here we consider nonjudicial foreclosure. And whether those who judicially enforce mortgages fall within the scope of the [FDCPA's] primary definition is a question we can leave for another day. . . . [T]he availability of a deficiency judgment is a potentially relevant distinction between judicial and nonjudicial foreclosures.") (citing Obduskey v. Wells Fargo, 879 F.3d 1216,

7

the debtor in judicial foreclosures[5]; a remedy which is typically not available in nonjudicial foreclosures.[6] Accordingly, Obduskey does not defeat the claims asserted in this case.

**B.**

As set forth in the Court's previous Opinion, Lloyd asserts the following violations of the FDCPA:

- § 1692d (prohibiting harassing, oppressive, or abusive conduct by debt collectors);

- § 1692e(2), (5) and (10) (prohibiting debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of any debt, including falsely representing the legal status of a debt, threatening to take any action that cannot legally be taken or that is not intended to be taken, and using any false

---

1221 (10th Cir. 2018) ("Because enforcing a security interest is not an attempt to collect money from the debtor, and the consumer has no obligation . . . to pay money, non-judicial foreclosure is not covered under the FDCPA.")); Gold, 2019 WL 4752093 at *6 ("Given that Cohen premised its decision on the availability of deficiency judgments under New York foreclosure law, the Court does not find that Obduskey abrogates or overrules Cohen."); Flowers, 2019 WL 3501584 at *4 (noting the Supreme Court's statement in Obduskey that "the availability of a deficiency judgment is a potentially relevant distinction between judicial and nonjudicial foreclosures.").

[5] New Jersey judicial foreclosure law provides for "an action on the bond or note for any deficiency, if, at the sale in the foreclosure proceeding, the mortgaged premises do not bring an amount sufficient to satisfy the debt, interest and costs." N.J.S.A. § 2A:50-2.

[6] Indeed, PBS's proposed distinction that judicial foreclosure is "more protective" of debtors is not inconsistent with the dispositive distinction-- i.e., the availability of a deficiency judgment. Judicial foreclosures may well be more protective of debtors *because of* the availability of a deficiency judgment.

representation or deceptive means to collect or attempt to collect any debt);

• § 1692f and (1) (prohibiting debt collectors from using unfair or unconscionable means to collect or attempt to collect any debt, including collecting any amount not authorized by the agreement creating the debt); and

• § 1692f(6) (prohibiting debt collectors from taking or threatening to take any nonjudicial action to effect dispossession or disablement of property).

Lloyd, 2019 WL 2062438 at *2.

With regard to § 1692f(6), PBS argues that filing the motion to reinstate the foreclosure was a judicial action, or an action taken in connection with a judicial foreclosure action, and reasons that § 1692f(6) cannot apply to this case because the section, by its terms, applies only to nonjudicial actions.[7] The Court agrees; § 1692f(6), by its terms, is limited to actions taken in connection with a nonjudicial foreclosure case. Searle v. Credit Adjustments, Inc., 2012 WL 1079328 (M.D. Pa. 2012); see generally, Obduskey, 139 S.Ct. at 1034-36 (discussing how the differences between judicial and nonjudicial foreclosure inform the interpretation of the FDCPA). Accordingly, PBS's Motion to Dismiss will be granted as to the § 1692f(6) claim.

---

[7] The section prohibits the "[t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property if (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; (B) there is no present intention to take possession of the property; or (C) the property is exempt by law from such dispossession or disablement." § 1692f(6).

As to Lloyd's other claims, PBS reasserts that "the Chancery Judge's rulings implicitly, but necessarily, constitute findings that foreclosure was not precluded" (Moving Brief, p. 21), and therefore PBS cannot be found in this suit to have misrepresented its client's right to foreclose. The Court addressed this argument in its previous opinion when it denied without prejudice the portion of PBS's Motion founded upon the doctrine of issue preclusion. See Lloyd, 2019 WL 2062438 at *4 (D.N.J. May 9, 2019) ("The evidence PBS submits in support of this argument is insufficient to support summary judgment on this issue at this time. The record contains only orders issued by the Chancery Court (see West Certification Exs G, J and O), only one of which-- Ex. G-- specifically references 24 C.F.R. § 203.604.8. The record is devoid of any opinion or reasoning of the Chancery Court upon which a factfinder might find that the issue of HMFA's non-compliance with 24 C.F.R. § 203.604 was fully litigated and decided on the merits in the foreclosure case."). PBS has submitted no additional evidence in support of its present motion for summary judgment. Accordingly, the motion, once again, will be denied without prejudice.[8]

---

[8] At the Rule 16 conference, the parties shall explore with Magistrate Judge Donio the possibility of limiting a first round of discovery to issues relevant to PBS's issue preclusion defense. Perhaps through the use of requests for admissions, written interrogatories, and / or sworn statements from the PBS attorney who actually litigated the state court foreclosure

## C.

PBS argues that this Court should abstain under the doctrines set forth in Colorado River Water Conservation Dist. v. U.S., 424 U.S. 800 (1976) and Younger v. Harris, 401 U.S. 37 (1971). Neither applies to this case.

"Colorado River applies only when the parties and claims in the state suit are identical, or at least effectively the same as those in the federal suit." Malhan v. Sec'y United States Dep't of State, 938 F.3d 453, 465 n.7 (3d Cir. 2019) (internal citations and quotations omitted). Neither the parties, nor the claims, are identical here. PBS was not a party to the foreclosure action (it is in this case), and Lloyd did not assert an FDCPA claim in the foreclosure action (she does in this case).

"Younger applies to only three exceptional categories of proceedings: (1) ongoing state criminal prosecutions; (2) certain civil enforcement proceedings; and (3) pending civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions." Malhan, 938 F.3d at 462 (applying Sprint Communications, Inc. v. Jacobs, 134 S.Ct. 584 (2013)). PBS does not identify which category of proceeding it asserts the state foreclosure action

---

case, PBS will be in a position to supplement the evidence it has provided to the Court thus far.

11

falls under, however, numbers (1) and (2) may be eliminated. The foreclosure proceeding is neither a criminal prosecution, nor is it "a civil enforcement proceeding akin to a criminal prosecution in important respects." Id.

As to the third category, the state foreclosure proceeding is not pending; PBS admits that the case was administratively dismissed. Moreover, even if the state foreclosure case were pending, the Court would not abstain because state foreclosure actions typically do not result in orders that are uniquely in furtherance of the state courts' ability to perform judicial functions. See Carrier v. Bank of Am., N.A., 2014 WL 356219 at *9-10 (D.N.J. Jan. 31, 2014) (Bumb, D.J.), aff'd sub nom. Carrier v. Bank of Am. NA, 592 F. App'x 135 (3d Cir. 2015) (declining to apply Younger despite existence of pending foreclosure action); see also, Hernandez v. Fed. Nat. Mortg. Ass'n, 2015 WL 3386126 at *2 (D.N.J. May 26, 2015) ("Since Sprint, courts have declined to apply the Younger doctrine in the context of state foreclosure proceedings.").

In short, nothing in the record presently before the Court supports this Court's abstention from "its virtually unflagging obligation to exercise [federal question] jurisdiction" over this case. Malhan, 938 F.3d at 465.

**D.**

Lastly, PBS argues that "one who seeks equity must do equity." That is, PBS asserts that "Plaintiff caused the circumstances from which her claims arise," (Moving Brief, p. 27), and therefore PBS concludes that Lloyd's FDCPA claims must fail. The Court disagrees. Lloyd's claims do not sound in equity. Lloyd asserts a federal statutory cause of action created by an act of Congress-- namely, the FDCPA-- which creates a right to statutory damages for violations of the Act.[9]

Moreover, accepting PBS's argument would severely and inappropriately limit the class of plaintiffs entitled to protection under the FDCPA. Following PBS's argument to its logical conclusion, any plaintiff who defaults on a debt would be precluded from recovering under the FDCPA. Such a result would be inconsistent with the intent of Congress as embodied in the statute.

## IV. CONCLUSION

For the foregoing reasons, PBS' Motion will be granted in part, denied in part, and denied without prejudice in part as set forth above. An appropriate Order shall issue on this date.

Dated: November 18, 2019    s/ Renée Marie Bumb
                                                   _____
                                                   RENÉE MARIE BUMB
                                                   UNITED STATES DISTRICT JUDGE

---

[9] The First Amended Complaint does not demand injunctive relief.